IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00502-BNB

ERIC B. DAVIS,

    Applicant,

v.

RON WILEY,

    Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 0 1 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Eric B. Davis is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp in Florence, Colorado. Mr. Davis initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On March 12, 2009, Magistrate Judge Boyd N. Boland ordered Respondent to file a Preliminary Response and address the affirmative defense of exhaustion of administrative remedies. Respondent filed a Preliminary Response on April 1, 2009, and Mr. Davis filed a Reply on April 8, 2009.

The Court must construe Mr. Davis's Application and Reply liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Application and Reply are held to standards less stringent than those governing a formal pleading drafted by an attorney. *See id.* However, the Court should not act as a *pro se* litigant's advocate.

***See Hall***, 935 F.2d at 1110.  For the reasons stated below, the Application will be denied.

Mr. Davis currently is serving a thirty-month sentence, and his projected released date is October 10, 2009, via full term release.  (Preliminary Response, Ex. A-1, Attach. 1 at 11.)  Mr. Davis sets forth one claim in the Application.  He asserts that BOP staff violated 28 C.F.R. §§ 570.21(a) and 570.22, and 18 U.S.C. § 3624(c), when they denied him a ten-month placement at a Residential Re-Entry Center (RRC).  In support of his claim, Mr. Davis asserts that on May 7, 2008, his case manager denied his request for a twelve-month RRC placement, and told him that 180 days was the most time allowed for RRC placement on short sentences such as his.  Mr. Davis further asserts that he accepted the April 14, 2009, RRC date, until he was transferred to the prison camp on August 29, 2008, and learned that the length of a sentence is not part of the criteria used under the provisions of the Second Chance Act, 18 U.S.C. § 3621(b), to determine RRC placement.

Mr. Davis also asserts that subsequent to learning of the case manager's mistake he requested a ten-month RRC placement and provided a pre-release RRC plan to his case manager at the prison camp for consideration.  Mr. Davis contends that his case manager ignored the plan, stated he agreed with the previous case manager's decision, and submitted his own referral to the RRC in Salt Lake City, Utah, which resulted in a new 165-day placement to commence on April 29, 2009.  As relief, Mr. Davis seeks immediate placement in an RRC.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  ***See Williams v. O'Brien***, 792 F.2d 986, 987 (10th

Cir. 1986). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to Mr. Davis. *See* 28 C.F.R. §§ 542.10–542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, an inmate first presents an issue of concern informally to prison staff in an attempt to resolve the issue. § 542.13. If an inmate is not able to resolve the issue informally he files a formal administrative remedy, within twenty days following the date on which the incident in question occurred. § 542.14(a) and (c). Normally, and as Mr. Davis did in this case, the formal administrative remedy request is submitted to the warden at the prison where the inmate is incarcerated. The warden has twenty calendar days from the date the request is logged into the Administrative Remedy Index to respond. § 542.18.

An inmate who is not satisfied with the Warden's response may submit an appeal to the regional director within twenty calendar days of the date the warden signs the response, and the regional director has twenty calendar days in which to respond, from the date the appeal is logged into the Administrative Remedy Index as received by the regional director. §§ 542.15(a) and 542.18. An inmate who is not satisfied with the regional director's response may submit an appeal to the general counsel at the

national level within 30 calendar days of the date the regional director signs the response, and the general counsel has forty days to respond, from the date the appeal is logged into the Administrative Remedy Index as received by the general counsel. §§ 542.15(a) and 542.18.

Although Mr. Davis concedes that he has failed to exhaust his administrative remedies, and the Application will be denied for his failure to exhaust his remedies, the Court finds it necessary, as it has done previously, **see Williams v. Wilner**, No. 08-cv-00777-ZLW Doc. No. 11 at 5-7.) (D. Colo. July 2, 2008), to raise issues regarding the warden's delay in processing formal administrative remedy requests.

In this case, Mr. Davis submitted an informal resolution form to a prison staff member on November 2, 2008, regarding RRC placement. It appears he received a response to the informal request on November 7, 2008, and returned a formal administrative remedy request form to a staff member on November 9, 2008. (Application at Informal Resolution Form Attach.) In the warden's response to the request, the warden notes that the request was not received by the warden's office until November 24, 2008, and was not responded to until December 18, 2008. (Application at BP-229 Response Attach.) What is troubling to the Court is that it took fifteen days, from November 9, 2008, when Mr. Davis returned the formal request to prison staff for processing, until November 24, 2008, when the warden asserts his office received the request. The Court noted the same inordinate delay by the warden in responding to an administrative request in **Williams**, No. 08-cv-00777 at Doc. No. 11 at 5-7.

Furthermore, the Administrative Remedy Tracking form, submitted by Respondent as an attachment to the Preliminary Response, shows that the formal

4

request was entered on the Administrative Remedy Tracking database as received on November 12, 2008, and that a response was due on December 2, 2008. (Preliminary Resp., Ex. A-1, Attach. 2 at 13.)

Pursuant to 28 C.F.R. § 542.18 a warden may extend for twenty days the time in which he may respond to an administrative remedy request. Nonetheless, the warden is required to inform the inmate in writing of the extension. § 542.18. There is no indication on the Administrative Remedy Tracking form that Mr. Davis received a written notice of an extension of time for the warden to respond. Based on the information provided by both Mr. Davis and Respondent, the Court finds that the warden's delay is in violation of 28 C.F.R. § 542.18.

Nonetheless, Mr. Davis's futility argument lacks merit. The exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). Mr. Davis fails to convince the Court that exhaustion of administrative remedies would have been futile in this action. Furthermore, Mr. Davis may not exhaust "administrative remedies by, in essence, failing to employ them." *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002).

Mr. Davis argues that he appealed his administrative remedy request to the regional office, but he did not pursue an appeal to the general counsel at the national level because he would be placed in the RRC prior to receiving a response to his appeal. (Application at 2 and Attachs.) Mr. Davis knew on September 12, 2008, subsequent to a meeting with his case manager that his request for a ten-month RRC placement was denied. He, however, waited until October 30, 2008, to file an informal

request challenging the denial of the ten-month placement. Furthermore, the regional director denied Mr. Davis's appeal on January 27, 2009. Mr. Davis had sufficient time, even considering that the general counsel could take up to sixty days to respond to his national appeal, to exhaust his remedies prior to April 29, 2009, the date he is to be placed at RRC.

For the above stated reasons, the Court finds that Mr. Davis fails to demonstrate that the exhaustion of his administrative remedies would be futile. Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed.

DATED at Denver, Colorado, this 30 day of April, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  09-cv-00502-BNB

Eric B. Davis
Reg. No. 14721-081
FPC – Florence
PO Box 5000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/1/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk